IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J & J Sports Productions, Inc., : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 1:09-cv-03106-JOF |
| Gloria E. Grajales, *doing business as* : | |
| *Puerto Plata Restaurant*, and : | |
| John Does 2-5 : | |
| : | |
| Defendants. | |

**OPINION & ORDER**

This matter is before the court on Plaintiff J & J Sports Productions, Inc.'s motion for default judgment [6-1].

**I.   Background**

  **A.   Facts**

This dispute arises out of Defendant's exhibition of the Mosley/Cotto Championship Boxing Match ("the fight") at the Puerto Plata Restaurant ("the restaurant") on November 10, 2007 without authorization by Plaintiff. *See* Docket Entry [1-1], Complaint, ¶ 13. According to the facts alleged in the complaint, Plaintiff purchased exclusive, nationwide television distribution rights to the fight. D.E. [1-1], ¶ 8. Plaintiff subsequently expended substantial resources marketing and promoting the fight to various commercial entities

throughout North America, including entities within the state of Georgia. *Id.* at ¶ 9. Defendant did not purchase the right to show the fight from Plaintiff. *Id.* at ¶ 12.

Potential unlawful interceptions of the fight were a substantial concern to Plaintiff. *See* D.E. [6-3], Affidavit of Joseph M. Gagliardi, ¶ 4. As a result, Plaintiff hired investigators to visit various bars and restaurants on the night of the fight, November 10, 2007, to determine whether the establishments were illegally intercepting and displaying the fight without authorization from or payment to Plaintiff. *Id.* at ¶ 6. An investigator hired by Plaintiff, Jeff Maben, entered the restaurant on the night of the fight. D.E. [6-3], Affidavit of Jeff Maben, ¶ 1. There was no cover charge. *Id.* at ¶ 2. The investigator witnessed a portion of the fight being exhibited on three of the restaurant's four television sets to approximately ten individuals. *Id.* at ¶ 3. The record contains no evidence that the restaurant advertised or promoted the fight to its patrons.

### B.     Procedural History

Plaintiff filed the instant action on November 5, 2009[1] and raised three substantive claims against Defendant. Two of the three counts alleged Defendant willfully violated the Communications Act of 1934, as amended, 47 U.S.C. §§ 553, 605 (1996). Count I alleged Defendant willfully violated § 605, which prohibits the unauthorized publication or use of

---

[1] The action was filed within the statute of limitations. *See Direct TV v. Wright*, 350 F. Supp. 2d 1048, 1055 (N.D. Ga. 2004) (Story, J.) (finding the federal cause of action under §§ 553 and 605 of the Communications Act paralleled the state cause of action under O.C.G.A. § 46-5-2, and thus, that the limitations period was four years).

wire or radio communications (including satellite signals). Count II alleged Defendant willfully violated § 553, which prohibits the unauthorized interception and use of cable service. Count III asserted a state-law claim of conversion. Service was properly executed upon Defendant Gloria E. Grajales on November 12, 2009. *See* D.E. [3]. At plaintiff's request, the clerk entered default against Gloria E. Grajales on December 31, 2009. Plaintiff filed the instant motion for default judgment on February 24, 2010, requesting statutory damages, costs, and attorney fees as well as enhanced statutory damages for Defendant's willful violation of the statutes. Defendant has not responded to that motion or otherwise participated in the case.

## II.     Discussion

Defendant defaulted when she failed to respond to Plaintiff's complaint within twenty days or request an extension as required by Fed. R. Civ. P. 12(a). Thus, the court will deem Defendant to have admitted Plaintiff's "well pleaded allegations of fact." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1976).[2] An entry of default is not equivalent to a default judgment; the court may only grant default judgment on Plaintiff's claims that are legally sufficient and supported by well-pleaded allegations. *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.). The court must

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981.

3

therefore consider whether Plaintiff's allegations, as pleaded in its complaint, suffice to establish Defendant's liability for the alleged offenses and the amount of damages to which Plaintiff is entitled.

### A.      Defendant's Liability under the Communications Act

Plaintiff alleges violations of both §§ 553 and 605 of Title 47 of the United States Code. To establish a violation of §§ 553 or 605, Plaintiff must establish (1) that Defendant intercepted the program, (2) that Defendant did not pay for the right to receive the transmission, and (3) that Defendant displayed the program to patrons of her establishment. *J & J Sports Productions, Inc. v. Fitzgerald*, No. 1:09-cv-1684-WSD, 2009 U.S. Dist. LEXIS 101593 at *9 (N.D. Ga. Oct. 30, 2009) (Duffey, J.). By virtue of her default, Defendant has admitted she exhibited the fight, without Plaintiff's authorization, to her patrons at the restaurant. Thus, Plaintiff has sufficiently pleaded its case so as to establish Defendant's liability under both §§ 553 and 605. However, "when a court determines that a defendant's conduct has violated both *sections 553* and *605* of the Communications Act, a plaintiff may recover damages under only one of those sections." *KingVision Pay-Per-View Corp., Ltd. v. Wright*, No. 8:06-cv-892-T-30MAP, 2006 U.S. Dist. LEXIS 78404, at *4-5 (M.D. Fla. Oct. 27, 2006) (emphasis in original); *accord J & J Sports Prods., Inc. v. Blackwell*, No. 2:07cv1058-MHT(WO), 2009 U.S. Dist. LEXIS 62240, at *5 (M.D. Ala. July 21, 2009) ("The court is unpersuaded that a perpetrator would commit double piracy

4

by using both a cable box and a satellite to broadcast a single simultaneous program.").[3] Based on the facts alleged in the complaint, this court finds Plaintiff has sufficiently established Defendant's liability under § 605(a), and will thus determine appropriate damages in light of that section.[4]

Title 47 U.S.C. § 605(e)(3)(B) establishes that the court may grant injunctive relief, award damages, and direct the recovery of full costs, including reasonable attorney's fees. An aggrieved party may then elect to recover actual or statutory damages. 47 U.S.C. § 605(e)(3)(C). The statute authorizes damages for "each violation of subsection (a) of this section . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). If the violation was committed "willfully and for the purpose of commercial advantage or private financial gain," the court may award up to $100,000. 47 U.S.C. § 605(e)(3)(C)(ii).

---

[3] Even Plaintiff apparently recognizes that it cannot receive damages under both §§ 605 and 553. *See* D.E. [6-4], Proposed Order, (suggesting the court award damages under § 605(e)(3)(B)(iii) *or* § 553(c)(ii)) (emphasis added).

[4] When a defendant has violated both §§ 553 and 605, most courts choose to award damages under § 605 because that provision "allows for greater recovery by plaintiffs." *Entertainment by J & J, Inc. v. Al-Waha Enters.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002). Awarding damages under § 605 is especially appropriate here as Plaintiff alleged in Count II of its complaint that a satellite signal was required to intercept the fight. D.E. [1-1], Complaint, ¶ 26. Courts have recognized § 605 specifically addresses "*satellite* cable programming," while § 553 specifically addresses "interceptions which occur by way of *cable* systems." cable service. *Blackwell*, 2009 U.S. Dist. LEXIS 62240, at *5 (emphasis in original). However, the distinction between §§ 605 and 553 is ultimately irrelevant as the damages being awarded here fall neither above nor below the permissible ranges of the two statutes.

5

The court may not enter a judgment by default without a hearing unless the amount of damages is a liquidated sum or one capable of mathematical calculation. Fed. R. Civ. P. 55(b); *United Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). The decision about whether to hold a hearing rests in the court's discretion. *Joe Hand Promotions, Inc. v. McBroom*, No. 5:09-cv-276(CAR), 2009 U.S. Dist. LEXIS 116654, at *9 (M.D. Ga. Dec. 15, 2009). In this case, the court finds a hearing is unnecessary because Plaintiff has submitted an adequate record from which the court can calculate appropriate damages.

Here, Plaintiff has elected to receive statutory damages but has failed to distinguish between statutory and enhanced damages, as provided by the statute, and simply seeks the flat sum of $100,000.[5] Thus, determining the appropriate level of statutory damages is left to the discretion of this court. The Eleventh Circuit has no uniform formula for calculating statutory damages under § 605. *McBroom*, 2009 U.S. Dist. LEXIS 116654, at *11. Some courts award damages as a flat sum, while others award the plaintiff "the license fee the defendant, based on its maximum capacity, would have paid if it had legally purchased the event." *Id.* The auditor who visited the restaurant witnessed the fight being displayed on three of the restaurant's four television sets to approximately ten people. Previously, courts have awarded statutory damages of $2,500 when a program was illegally displayed on just

---

[5] This court has "considerable discretion in determining the appropriate amount of damages." *McBroom*, 2009 U.S. Dist. LEXIS 116654 at *10 (citing *KingVision Pay-Per-View Corp., Ltd. v. El Torito Supermarket, Inc.*, No. 6:06-cv-657-Orl-18KRS, 2007 U.S. Dist. LEXIS 98968 at *4 (M.D. Fla. May 31, 2007)).

one television to approximately eleven patrons. *Fitzgerald*, 2009 U.S. Dist. LEXIS 101593 at *11. Plaintiff has submitted evidence that had Defendant purchased the right to display the program, she would have paid $1,800. In light of these facts, this court finds a statutory damages award of $2,000 appropriate.

Plaintiff has also alleged Defendant's violation of § 605 was willful, and has requested enhanced statutory damages pursuant to § 605(e)(3)(C)(ii). One purpose of § 605 is the deterrence of future violations. Violations like those of Defendant are part of a widespread and serious piracy problem currently plaguing the television industry. Yet while intercepting the fight, as Plaintiff argues, requires a deliberate act on the part of Defendant, "the court must strike a balance between deterring other incidents of piracy . . . and not making the award such that it will put a small business out of business." *J & J Sports Productions, Inc. v. Arboleda*, No. 6:09-cv-467-Orl-18DAB, 2009 U.S. Dist. LEXIS 99768 at *19 (M.D. Fla. October 5, 2009). Here, there is no evidence that Defendant violated the statute in the past, charged her patrons a cover, or promoted the fight in any way.[6] In light of these facts, this court finds an enhanced damages award of $5,000 appropriate and sufficient to deter future violations, making the total amount of damages $7,000.

---

[6] Courts consider several factors in determining whether a defendant's willful conduct justifies increased damages: "i) repeated violations over an extended period of time; ii) substantial unlawful monetary gains; iii) advertising of the broadcast; iv) charging of a cover charge or premiums for food and drinks; or v) plaintiff's significant actual damages." *Arboleda*, 2009 U.S. Dist. LEXIS 99768 at *18.

7

### B.     Defendant's Liability for Conversion

Plaintiff has failed to show why it should be entitled to damages for conversion above and beyond the amount awarded under § 605. The $7,000 awarded in statutory and enhanced damages for Defendant's violation of § 605 adequately addresses Plaintiff's losses and serves the purposes of the statute. Plaintiff shall receive no damages for conversion. *See Blackwell*, 2009 U.S. Dist. LEXIS 62240 at *9 (refusing to award damages for conversion over and above the statutory damages already provided for violating the Communications Act).

### C.     Attorney's Fees

Plaintiff is entitled to and has requested attorney's fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii). However, Plaintiff has failed to submit any evidence from which the court could determine a reasonable award for fees and costs. Plaintiff has fifteen (15) days from the date of this order to file a motion for reasonable attorney's fees and costs. The motion must comply with *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988) (Forrester, J.), and *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999).

8

### III.    Conclusion

Plaintiff's motion for default judgment is GRANTED, and statutory damages are awarded to Plaintiff in the amount of $7,000. The court DIRECTS the Clerk of Court to enter JUDGMENT against Defendant in the amount of $7,000 [6-1]. Plaintiff has fifteen (15) days from the date of this order to file a motion for reasonable attorney's fees and costs.

**IT IS SO ORDERED** this 28th day of June 2010.

>            /s   J. Owen Forrester
> J. OWEN FORRESTER
> SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)